his property, both in this country and in England, that I have less hesitation in dealing freely with his disposition of the income.

[13] The court is bound to find a rational scheme of disposition in the will, if it can be done, and even though it be necessary to supply words or phrases or to give those which are in the will a meaning other than they ordinarily bear. Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933. For the present it is only necessary to adjudge that the trust for Eleanor is valid; that she.is entitled to the income ineffectually sought to be accumulated; that after the expiration of the five years she will be entitled to the entire income of the fund, to be paid during her minority at such times as her mother shall indicate; and after she shall attain her majority, to be paid half yearly. Any power in her mother, if such was intended, to postpone payments and thus accumulate income after the majority of Eleanor, would be ineffective. What shall be done with the fund or its income upon Eleanor's marriage, with or without her mother's consent, is a matter which need not now be adjudicated.

Submit, with proof of service, requests for findings within five days after the publication of this opinion.

---

### REICHMAN et al. v. PRETZFELDER.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. FRAUDS, STATUTE OF (§ 31*)—PROMISE TO PAY—RELEASE OF DEBTS OF ANOTHER.

A promise to pay in consideration of a release of the debt of another is not within the statute of frauds. .

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 47, 48; Dec. Dig. § 31.*]

2. CONTRACTS (§ 54*)—CONSIDERATION—RELEASE OF CLAIM.

While the release of an invalid claim may be no consideration, the release of a doubtful claim, as to which there is a dispute in good faith, is a sufficient consideration for a promise to pay money.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 233–239, 242, 243, 251, 254, 255, 291–315; Dec. Dig. § 54.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lee Reichman and others, copartners doing business as Reichman Bros., against Albert Pretzfelder. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Hays, Hershfield & Wolf, of New York City (Daniel P. Hays and Edwin D. Hays, both of New York City, of counsel), for appellants. Oscar Igstaedter, of New York City, for respondent.

PENDLETON, J. The action was brought to recover a sum defendant agreed to pay in consideration of plaintiffs' releasing a third party from an alleged indebtedness. The defense is want of con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

sideration, on the ground that plaintiffs had no valid claim against the third party. The defendant also set up the statute of frauds.

[1, 2] That a promise to pay in consideration of a release of the debt of another is not within the statute of frauds is well settled and needs no discussion. While the release of an invalid claim may be no consideration, the release of a doubtful claim, as to which there is a dispute in good faith, is a sufficient consideration for a promise. The bills, one sent to Bayer & Pretzfelder, and one by them to the Liberty Clothing Company at a higher figure, are declarations, part of the res gestæ, giving character to the act, as showing to whom credit was given, and, with the other testimony, made out at least a case to go to the jury, and the dismissal of the complaint was error.

Judgment reversed, and new trial ordered; costs to appellants to abide the event. All concur.

---

SHANKLAND v. CRANE OXYGEN WORKS & AMBULANCE CO., Inc.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

CORPORATIONS (§ 407*)—CONTRACTS—LIABILITY FOR CONTRACTS OF SHARE-HOLDERS.

    The owner of stock in a corporation agreed in writing to sell such stock to S., and the corporation was made a party to the agreement by which it employed S. as its manager and agreed to lease from the seller certain premises. The agreement recited that the report of plaintiff, a certified public accountant, as to earnings, had been exhibited to S., and that the seller represented the report true; but this part was later cancelled by an agreement that, if S. desired an examination of the books, he would have it made by plaintiff. Plaintiff testified that the seller told him that S. had taken charge of the plant and wished to see him, and that S. employed him to examine the books. *Held*, that the contract of employment was that of S., and the corporation was not liable thereon.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1615–1619; Dec. Dig. § 407.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James A. Shankland against the Crane Oxygen Works & Ambulance Company, Incorporated. From judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Goodale & Hanson, of New York City (Frank J. Weeks, of New York City, of counsel), for appellant.

John C. Van Loon, of New York City, for respondent.

SHEARN, J.   Appeal by defendant from judgment of $122.12, rendered by the court in an action for work, labor, and services claimed to have been performed by plaintiff, a public accountant, in an examination of the books of the defendant, and for the defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes